# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **CARRIE KEATOR,** ] <br> *Individually, and on behalf of herself and other* ] <br> *similarly situated current and former employees***,** ] <br> ] <br> Plaintiff, ] <br> ] <br> **v.** ] <br> ] <br> **MCCORMICK TRUCKING, INC.,** ] <br> **TRACIE MCCORMICK, INC.,** ] <br> **ACTION TRAILER SERVICES, INC.,** ] <br> **ROBERT MCCORMICK, and** ] <br> **TRACIE MCCORMICK,** ] <br> ] <br> Defendants. ] <br> ] <br> ] <br> ] <br> ] | **Case No. _____** <br><br><br><br><br><br><br><br><br><br><br> **JURY DEMAND** |

---

## COLLECTIVE ACTION COMPLAINT

---

Plaintiff Carrie Keator ("Ms. Keator"), individually, and on behalf of herself and other similarly situated current and former employees, by and through undersigned counsel, brings this Collective Action Complaint against Defendants McCormick Trucking, Inc., Tracie McCormick, Inc., Action Trailer Services, Inc., Robert McCormick, and Tracie McCormick (collectively, "Defendants"), and states as follows:

### I. INTRODUCTION

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals and purposes, Section 7(a) of the FLSA

1

"limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate 'not less than one and one-half times the regular rate at which he is employed.'" *Walling v. Helmerich & Payne*, 323 U.S. 37, 39 (1944) (citing 29 U.S.C. §207(a)).

2.  This lawsuit is brought against Defendants as a collective action under the FLSA to recover overtime compensation and other damages owed to Ms. Keator and other similarly situated current and former employees who are members of a collective class as defined herein and are currently or were previously employed by Defendants.

3.  Defendants together operate a dedicated U.S. mail hauler based out of Murfreesboro, Tennessee, with routes throughout the Southeast, as far west as Ft. Worth, Texas, and as far north as Rochester, New York. According to Defendant McCormick Trucking's website, "In 1995, Bob[] [McCormick's] daughter followed in her father's footsteps by establishing Tracie McCormick, Inc. Both companies continued to grow and have now merged under the banner of 'McCormick.' McCormick currently operates 500 trucks, 600 trailers with 750+ drivers. During the holiday season (Nov.-Dec.), the company adds about 125 trucks and 150 drivers each year. McCormick is a dedicated mail hauler with a single client — the U.S. Postal Service." (https://www.drivemccormick.com/about/ (last visited May 27, 2021).)

4.  As relevant to this action, Defendants operate an operations center in Murfreesboro.

5.  To coordinate its fleet of trucks, Defendants employ dispatchers, schedulers, and other hourly employees to coordinate and communicate with customers and truck drivers about routes, shipments, pick up and drop off times, maintenance issues, and specific handling issues.

6.  Defendants employ these employees at its headquarters located in Murfreesboro, Tennessee.

7.  Defendants regularly require or permit their non-exempt hourly employees in Murfreesboro to

work a full-time schedule, plus overtime. However, Defendants do not properly compensate these employees for all hours worked over 40 in a workweek. Rather, Defendants pay employees straight time for hours over 40.

8. Ms. Keator seeks to represent individuals in this action who are current and former hourly employees, including dispatchers, schedulers, maintenance coordinators, and similar job titles who work or worked for Defendants and are similarly situated to each other in terms of their positions, job duties, pay structure, and Defendants' violations of federal law.

9. Defendants knew or could have easily determined that these employees are not exempt from the FLSA's overtime pay requirement, and Defendants could have properly compensated Ms. Keator and other employees for this overtime work, but deliberately chose not to.

10. Ms. Keator seeks a declaration that her rights and the rights of the putative collective action members were violated, an award of unpaid overtime wages and liquidated damages, injunctive and declaratory relief, and an award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendants to such illegal conduct in the future.

## II. JURISDICTION AND VENUE

11. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Specifically, this Court has jurisdiction over Ms. Keator's FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

12. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants are residents of this district and maintain their principal place of business in Murfreesboro, Tennessee, and a substantial part of the events forming the basis of this suit (including implementation of the illegal pay practices alleged in this litigation) occurred in the

3

Middle District of Tennessee.

13. Personal jurisdiction also applies to Defendants because they reside in this district in Murfreesboro, Tennessee.

14. At all times material to this action, Ms. Keator and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

15. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

16. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and their employees are engaged in interstate commerce.

17. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

### III. PARTIES

18. Plaintiff Carrie Keator is a Tennessee resident who worked for Defendants as a dispatcher and scheduler until June 2021. Ms. Keator was compensated for her work through the payment of an hourly wage. Ms. Keator's signed consent form to join this collective action is attached hereto as **Exhibit A**.

19. Defendant McCormick Trucking, Inc. is a Tennessee for-profit corporation with its principal place of business at 4403 W Jefferson Pike, Murfreesboro, TN 37129. It may be served through its Tennessee registered agent: Robert A. McCormick, 5924 New Nashville Hwy., Murfreesboro, TN 37129-7020.

4

20. Defendant Tracie McCormick, Inc. is a Tennessee for-profit corporation with its principal place of business at 4403 W Jefferson Pike, Murfreesboro, TN 37129. It may be served through its Tennessee registered agent: Tracie McCormick, 5924 New Nashville Hwy, Murfreesboro, TN 37129-7020.

21. Defendant Action Trailer Services, Inc. is a Tennessee for-profit corporation with its principal place of business at 4403 W Jefferson Pike, Murfreesboro, TN 37129. It may be served through its Tennessee registered agent: Brandy McCormick Markum, 5924 New Nashville Hwy, Murfreesboro, TN 37129-7020.

22. Defendant Robert McCormick ("Mr. McCormick") is upon information and belief a resident of Rutherford County, Tennessee, and is an owner-manager of McCormick Trucking, Inc. Mr. McCormick may be served with process at his business address, 4403 W Jefferson Pike, Murfreesboro, TN 37129.

23. Defendant Tracie McCormick ("Ms. McCormick") is upon information and belief a resident of Rutherford County, Tennessee, and is an owner-manager of McCormick Trucking via Tracie McCormick, Inc. Ms. McCormick may be served with process at her business address, 625 S Church St, Ste 100, Murfreesboro, TN 37130-4271.

24. During the time period relevant to this action, Defendants were Ms. Keator's and similarly situated individuals' "employer" or "joint employer", as that term is defined in the FLSA, 29 U.S.C. §203(d).

25. Ms. Keator and similarly situated individuals' conditions of employment, including compensation and company-wide policies, were managed and decided by owner-managers Mr. McCormick and Ms. McCormick, who partially or wholly own, manage, and direct the business affairs of the named corporate defendants as private, closely-held corporations.

5

## IV. ENTERPRISE AND JOINT EMPLOYER ALLEGATIONS

26. Defendants together operate as one "enterprise" under the FLSA because their combined annual sales or receipts exceed $500,000 and they perform related activities through unified operation or common control by Mr. McCormick and Ms. McCormick for one common business purpose: transporting U.S. Mail. 29 C.F.R. § 1620.7.

27. Defendants also jointly employ or employed Ms. Keator and every other dispatcher, scheduler, coordinator and other hourly employees hired to work for Defendants.

28. Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee…." 29 U.S.C. § 203(d).

29. "Courts have adopted an expansive interpretation of the definitions of 'employer' and 'employee' under the FLSA, in order to effectuate the broad remedial purposes of the Act." *Real v. Driscoll Strawberry Associates, Inc.*, 603 F.2d 748, 754 (9th Cir. 1979) (*citing Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 144 (6th Cir. 1977).

30. Congress defined "employee" as "any individual employed by an employer", 29 U.S.C. § 203(e)(1), describing this language as "the broadest definition that has ever been included in any one act." *U.S. v. Rosenwasser*, 323 U.S. 360, 363 (1945) (quoting 81 Cong. Rec. 7657 (1937) (statement of Sen. Hugo Black)); *Tony and Susan Alamo Found. v. Sec. of Lab.*, 471 U.S. 290, 300 (1985) (same).

31. The determination of whether an employer-employee relationship exists "does not depend on isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947). The touchstone is "economic reality." *Goldberg v. Whitaker H. Co-op., Inc.*, 366 U.S. 28, 33 (1961).

32. Two or more employers may jointly employ someone for purposes of the FLSA. *Falk v. Brennan*, 414 U.S. 190, 195 (1973). All joint employers are individually responsible for

6

compliance with the FLSA. 29 C.F.R. § 791.2(a).

33. Regulations issued by the DOL give the following example of a joint employer scenario:

> [T]he employee has an employer who suffers, permits, or otherwise employs the employee to work, but another person simultaneously benefits from that work. The other person is the employee's joint employer only if that person is acting directly or indirectly in the interest of the employer in relation to the employee.

C.F.R. § 791.2(a)(1) (citation omitted).

*34.* The ultimate question of whether a party is an "employer" is a legal issue. *Bonnette*

*v. California Health and Welfare Agency*, 704 F.2d 1465, 1469-70 (9th Cir. 1983). The ultimate

determination must be based "upon the circumstances of the whole activity." *Id.* at 1470 (citing

*Rutherford*, 331 U.S. at 722).

35. Mr. McCormick and Ms. McCormick, individually or together, exercise ownership and control

over McCormick Trucking, Inc., Tracie McCormick, Inc. and Action Trailer Services, Inc. as

closely-held corporations.

36. As such, Mr. McCormick and Ms. McCormick are individually liable under the FLSA because,

as owner-managers, they have the power to (1) hire and fire employees; (2) supervise and

control employee work schedules and conditions of employment; (3) determine the rate and

method of payment; and (4) maintain employment records.

37. Furthermore, Defendants operate together under the "banner of 'McCormick,'" and Ms. Keator

and other similarly situated employees' work directly benefits McCormick.

38. For all these reasons, and more, Defendants employed or jointly employed Ms. Keator and the

putative collection class members.

39. "The FLSA contemplates there being several simultaneous employers who may be responsible

for compliance with the FLSA." *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th

Cir.1991) (citations omitted). "'The remedial purposes of the FLSA require the courts to define

'employer' more broadly than the term would be interpreted in traditional common law

7

applications.'" *Id.* (quoting *McLaughlin v. Seafood, Inc.,* 867 F.2d 875, 877 (5th Cir. 1989) (*per curiam*)). To determine whether an entity is an "employer" subject to the FLSA, the Court must consider the "economic reality" of the situation. *United States Dep't. of Labor v. Cole Enters., Inc.,* 62 F.3d 775, 778 (6th Cir. 1995).

40. The fact that each alleged employer may not have exercised each and every aspect of the test for "employer" under the law, and may have delegated some of the responsibilities to others, does not alter their status as employers; it merely makes them joint employers. *Bonnette, supra* at 1470.

41. Whether Defendants were their employer, or joint employer, Defendants are nevertheless liable for the wage violations pleaded by Ms. Keator in this Complaint. *See Gonzalez v. HCA, Inc.*, 3:10-00577, 2011 WL 3793651, at *12 (M.D. Tenn. Aug. 25, 2011 ("[A]ll joint employers are responsible, both individually and jointly, for compliance with the FLSA.") (internal quotations and citation omitted).

42. The above well-pleaded facts all support Ms. Keator's standing to sue Defendants as her former employer and seek damages for the alleged violations under a joint employment theory. *See Parrott v. Marriott Intl., Inc.*, 17-10359, 2017 WL 3891805, at *4 (E.D. Mich. Sept. 6, 2017) (denying motion to dismiss and finding that the plaintiffs alleged enough facts to support their joint employer theory under the FLSA).

43. Ms. Keator believes, and allege thereon, that Defendants, as their employer or joint employer, is responsible for the circumstances pleaded by her, and that Defendants proximately caused the fraudulent, unlawful, unfair, and deceptive acts and wage violations complained of by Ms. Keator.

44. At all times herein mentioned, Defendants committed, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of by Ms. Keator

8

herein.

45. At all times herein mentioned, Defendants' acts and omissions proximately caused the complaints, injuries, and damages alleged by Ms. Keator and the putative collection class members.

## V. FACTUAL ALLEGATIONS

46. Defendants together manage and operate as a dedicated mail hauler for the U.S. Postal Service.

47. Defendants primarily operate out of their newly constructed corporate headquarters in Murfreesboro, Tennessee.

48. Defendants are and have been the "employer" of Ms. Keator and those similarly situated within the meaning of 29 U.S.C. § 203(d).

49. As Ms. Keator's joint employer, Defendants set wage and hour policies, including employees' hourly pay and overtime rate.

50. Defendants employ individuals whose primary duties are answering calls, scheduling and coordinating deliveries between the Postal Service and truck drivers, including pick up and drop off times and other handling issues.

51. Ms. Keator was employed by Defendants from January 2020 until June 2021.

52. During her tenure with Defendants, Ms. Keator held the job title of dispatcher and scheduler.

53. Defendants paid Ms. Keator an hourly wage when she was classified as a dispatcher.

54. Defendants paid Ms. Keator an hourly wage when she was classified as a scheduler.

55. Ms. Keator was scheduled to work five or six days a week.

56. Ms. Keator regularly worked more than 40 hours per week.

57. Defendants did not pay Ms. Keator time and a half her regular rate of pay for each hour she worked over 40 hours in a workweek.

58. Defendants have and continue to employ a uniform payment structure that violates the

9

FLSA because Ms. Keator and similarly situated employees were and are not paid one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

59. Defendants have "accidentally" paid employees overtime at one and one-half times their regular rate of pay for hours over 40 per week.

60. However, Defendants deducted the overtime pay from the employees' next paychecks without their knowledge or consent.

61. When the employees objected, Defendants' human resources personnel, including Victoria Heston, expressly stated that Defendants do not pay time and a half for hours over 40 because they are not required to do so as a "federal contractor."

62. Defendants paid Ms. Keator straight time for all overtime hours worked in numerous workweeks in which she worked overtime.

63. As hourly employees, Ms. Keator and the other members of the putative class do not fall under any FLSA exemption from overtime.

64. As such, Defendants willfully failed to pay Ms. Keator and other similarly situated employees the mandatory overtime rate in order to save payroll costs. As a consequence, Defendants have violated the FLSA and thereby have enjoyed ill-gained profits at the expense of Ms. Keator and others similarly situated.

65. Ms. Keator and others similarly situated are entitled to a recovery of back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendants for all such unpaid overtime that is available under the FLSA.

66. Ms. Keator's damages include all unpaid overtime, liquidated damages, plus any interest, attorney's fees, costs, or other damages that the Court deems appropriate.

**VI. COLLECTIVE ACTION ALLEGATIONS**

67. Defendant use common timekeeping policies, practices and procedures for Ms. Keator and

10

similarly situated individuals.

68. Defendant used common payroll policies, practices and procedures for Ms. Keator and similarly situated individuals.

69. Ms. Keator brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> ***All current and former dispatchers, schedulers, and similar job titles who work or have worked for Defendants in Tennessee at any time during the three years preceding the filing of this Complaint through judgment.***

(hereinafter referred to as the "putative FLSA Collective"). Ms. Keator reserves the right to amend this definition if necessary.

70. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Ms. Keator and other similarly situated employees.

71. Consistent with Defendants' policy and pattern or practice, Ms. Keator and the putative FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

72. Defendants assigned and/or were aware of all the work that Ms. Keator and the putative FLSA Collective performed.

73. As part of their regular business practices, Defendants intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Ms. Keator and the putative FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay Ms. Keator and the putative FLSA Collective premium overtime wages for hours worked in excess of 40 hours per workweek.

74. Defendants are aware or should have been aware that federal law required them to pay Ms.

11

Keator and the putative FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

75. Defendants' unlawful conduct has been widespread, repeated and consistent.

76. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Ms. Keator under 29 U.S.C. § 216(b). The employees on behalf of whom Ms. Keator bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy or plan; and (d) their claims are based upon the same factual and legal theories.

77. The employment relationships between Defendants and every putative FLSA Collective member are the same. The key issue – unpaid overtime compensation – does not vary among the putative FLSA Collective members.

78. Many similarly situated current and former Dispatchers have been underpaid in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

79. Court-supervised notice of this lawsuit should be sent to the putative FLSA Collective pursuant to 29 U.S.C. § 216(b).

80. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' personnel and payroll records.

81. Ms. Keator estimate the putative FLSA Collective, including both current and former employees over the relevant period, will include about 50 workers. The precise number of putative FLSA Collective members should be readily ascertainable from a review of Defendants' personnel and payroll records.

12

# VII. CAUSE OF ACTION

## 29 U.S.C. § 216(b) COLLECTIVE ACTION
## VIOLATION OF FLSA, 29 U.S.C. § 201 *et seq.*
## FAILURE TO PAY OVERTIME WAGES

82. Ms. Keator, on behalf of herself and all other members of the putative FLSA Collective, re-allege the foregoing Paragraphs.

83. At all times relevant herein, Defendants have employed (and/or continue to employ) Ms. Keator and each of the members of the putative FLSA Collective within the meaning of the FLSA.

84. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees for all hours worked, including overtime compensation at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

85. The FLSA requires covered employers, such as Defendants, to make, keep, and preserve accurate records of all hours worked by non-exempt employees.

86. Defendants are liable under the FLSA for failing to properly compensate Ms. Keator and the putative FLSA Collective. Ms. Keator are similarly situated to members of the putative FLSA Collective, and, as such, notice should be sent to the collective class. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' common and uniform policies, practices and/or procedures of not paying hourly Dispatchers overtime at the rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, and who thus would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in this action.

13

87. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

88. Defendants knew or showed willful disregard for the fact that its compensation policies violated the FLSA since Defendants failed to pay Ms. Keator' overtime for all hours worked over 40 in a workweek, nor did Defendants' compensation policy ensure that Ms. Keator would be exempt from the FLSA.

89. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint, in ways including, but not limited to, knowingly failing to pay employees for all hours worked, including overtime compensation.

90. Defendants have not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA as alleged in the preceding Paragraphs. As a result thereof, Ms. Keator and members of the putative FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation as permitted by §16(b) of the FLSA. 29 U.S.C. §216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds to believe it was complying with the FLSA, Ms. Keator and all similarly-situated class members are entitled to an award of prejudgment interest at the applicable legal rate.

91. Ms. Keator and the FLSA Collective are entitled to damages equal to pay for all hours worked, including overtime hours worked at the overtime premium rate mandated by the FLSA within the three (3) years preceding the filing of the Complaint, because Defendant acted willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

92. Due to Defendants' willful FLSA violations, as described above, Ms. Keator and the other members of the putative FLSA Collective are entitled and, hereby seek, to recover from

Defendants compensationfor unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## VIII. PRAYER FOR RELIEF

93. WHEREFORE, Ms. Keator, on her own behalf and on behalf of the putative FLSA Collective, request judgment as follows:

    a.    Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to Ms. Keator's FLSA claims;

    b.    Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, email addresses, phone numbers and dates of employment of all putative FLSA Collective members, and permitting Ms. Keator to send notice of this action to all those similarly situated individuals, apprising the FLSA Collective members of their rights by law to join and participate in this lawsuit;

    c.    Designating Ms. Keator as a representative of the putative FLSA Collective and undersigned counsel as class counsel for the same;

    d.    Declaring Defendants violated the FLSA;

    e.    Declaring Defendants' violations of the FLSA were willful;

    f.    Granting judgment in favor of Ms. Keator and against Defendants and awarding Ms. Keator and the FLSA Collective the full amount of damages and liquidated damages available by law;

    g.    Awarding reasonable attorneys' fees and costs of this action;

    h.    Awarding pre- and post-judgment interest on these damages; and

    i.    Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Ms. Keator, individually, and on behalf of herself and all others similarly situated, by and through counsel, hereby demand a jury trial pursuant to Fed. R. Civ. P. 38.

Respectfully Submitted,

s/ Curt Masker
Curt M. Masker, TN Bar No. 037594
THE MASKER FIRM
810 Dominican Drive, Suite 314
Nashville, Tennessee 37228
Telephone: (615) 823-1737
Facsimile: (615) 821-0632
curt@maskerfirm.com

*Counsel for Ms. Keator, individually, and on behalf of herself and all other similarly situated current and former employees*

16