IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARRIE KEATOR, individually and on behalf of all other similarly situated individuals, ) ) ) Plaintiffs, ) ) v. ) ) MCCORMICK TRUCKING, INC., TRACIE ) MCCORMICK, INC., ACTION TRAILER ) SERVICES, INC., ROBERT MCCORMICK, ) and TRACIE MCCORMICK, ) ) Defendants. ) | Case No. 3:21-cv-00605 Campbell/Frensley Jury Demand |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Come now Plaintiffs[1] and Defendant, Action Trailer Services, Inc. ("Defendant"), and jointly notify the Court that they have resolved all of Plaintiffs' claims in the above-referenced action. The parties jointly move the Court for entry of an Order approving the parties' settlement agreement resolving all of Plaintiffs' claims raised in this matter which consists exclusively of claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Accordingly, the parties hereby stipulate to the voluntary dismissal of Plaintiffs' claims against Defendant in this action with prejudice, pursuant to Fed. R. Civ. P. 41.

1. The Named Plaintiff filed an original complaint against Defendant on August 4, 2021. The Complaint was asserted on behalf of herself and other allegedly similarly situated employees consisting of current and former dispatchers, schedulers, transportation specialists and

---

[1] There is one named Plaintiff in this lawsuit, Carrie Keator ("Named Plaintiff"). Subsequent to the issuance of a court authorized notice following the granting of the parties' Joint Motion to Certify Class and issuance of class notice [Doc. 33], 12 additional plaintiffs opted into the lawsuit within the time set by the Court for the time period for opting into the lawsuit. All 13 Plaintiffs are collectively referred to as "Plaintiffs."

breakdown coordinators who work or have worked for Defendant in Tennessee at any time during the three years preceding the filing of the Complaint through judgment. (Doc. 1, ¶8). The complaint asserts claims for unpaid wages, including overtime wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Based upon the parties' agreement, the Court granted the parties' Joint Motion to Certify Class [Doc. 33] and class notice was sent to the potential class members. The time period to opt-in to the lawsuit has expired.

3. After mediating this dispute on March 21, 2022, the parties reached an agreement to settle all of Plaintiffs' claims asserted against the Defendant. A copy of the settlement agreement is available for the Court's review as Exhibit A.

4. Pursuant to the case law regarding settlement of FLSA claims, there are two methods in which claims of this nature can be settled and released by employees. First, under FLSA § 216(c), claimants may settle and release claims under the FLSA if payment of unpaid wages by the alleged employer is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a lawsuit brought by a claimant against his or her alleged employer under § 216(b), the claimant may settle and release FLSA claims if the parties present to the court a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *Rampersad v. Certified Installation*, LLC, 2012 U.S. Dist LEXIS 167156, at *2 (E.D. Tenn. 2012). In detailing the circumstances justifying court approval of an FLSA settlement in the private litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees [or claimants] under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees [or claimants] are likely to be represented by an attorney who can protect their rights

under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee [or claimant] FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

5. The proposed settlement in this case arises out of an action brought by Plaintiffs in which they assert they were eligible for overtime and not paid overtime at a time and a half rate; instead, they were paid at a straight time rate for hours worked over 40 in a workweek. Defendant disputed the overtime non-exempt status and hours claimed to be worked by various Plaintiffs. Thus, this action was adversarial in nature. Both Plaintiffs and Defendant have been represented by legal counsel throughout this process, Plaintiffs' claims were disputed, and the settlement was reached following arm's length negotiations. Consequently, the parties submit that the settlement is fair and reasonable and should be approved by the Court.

6. Pursuant to the settlement reached by the parties for Plaintiffs' FLSA claims, Plaintiffs will receive overtime based on a three-year period for those weeks in which they claim to have not been paid overtime at a time and a half rate time when they worked more than 40 hours in the week, plus an equal amount in liquidated damages, costs and reasonable attorney's fees in this action as set out in the executed settlement agreement. Having conducted a thorough review of each Plaintiffs' work records and compensation received, the parties believe that the amount Plaintiffs will recover under the settlement in most cases exceeds the amount of wages and liquidated damages they would stand to recover at trial. The parties agree that genuine issues of material fact exist regarding some of Plaintiffs' overtime classifications and hours worked. Accordingly, the settlement of these claims results from a *bona fide* compromise between the

parties on a variety of disputed issues of law and fact. The settlement occurred on an arm's length basis as the result of the voluntary exchange of information and correspondence including emails between Plaintiffs' counsel and Defendant's counsel. The parties stipulate that they are resolving the matter in order to avoid unnecessary further costs, time and risks associated with continuing this litigation and in an amount to fairly compensate Plaintiffs for their claims had they prevailed at trial. The parties undertook detailed legal and factual analyses of the claims and defenses in this action. The legal and factual nature of the claims and defenses in this case would have caused significant additional unnecessary expense for the parties should it have been necessary to try the case.

7. The settlement provides for a $1,000 "service payment" to Named Plaintiff Carrie Keator. Such payments are frequently approved in collective and/or class action settlements. *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) ("Numerous courts have authorized incentive awards [as] efficacious ways of encouraging member of a class to become class representatives and rewarding individual efforts taken on behalf of the class."); *accord Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *7 (N.D. Ohio March 8, 2010); *see also Sand v. Greenberg*, 2011 WL 784602, at *3 (S.D.N.Y. Oct. 6, 2011) (approving award in FLSA case because plaintiffs "took risks by putting their names on this lawsuit," including that of "blacklisting").

8. The settlement negotiated in this case reflects a reasonable compromise of the disputed issues. The parties, through their attorneys, voluntarily agreed to the terms of the settlement during negotiations through mediation. The parties were counseled and represented by their respective attorneys throughout the litigation, negotiation and settlement process. Counsel for the parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

9.     The parties have also reached an agreement as to the amount of attorney fees and costs payable to Plaintiffs' legal counsel.  Under 29 U.S.C. § 216(b), "[t]he Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  Attorney fees are to be based upon "a reasonable rate and time reasonably expended as opposed to the dollar amount of relief obtained."  *Posner v. The Showroom, Inc.*, 762 F.2d 1010 (6th Cir. 1985) (per curiam).  Here, the amount for attorney's fees did not affect the amount to be paid to each individual Plaintiff as the amount due to each individual Plaintiff was based on an extensive analysis of the facts and law and determined separate from any settlement of the attorney's fee issue.  "When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement."  *Barbee v. Big River Steel, LLC,* 927 F.3d 1024, 1027 (8th Cir. 2019).  As a result, "29 U.S.C. § 216 does not require approval of settled attorney fees."  *Id.*  Further, Counsel for Plaintiffs note that no expenses or attorney's fees will be deducted from the amounts recovered by Plaintiffs as set out in the settlement agreement.

10.    Plaintiffs intend this settlement of their claims to represent a final resolution of all claims that were actually raised or that could have been raised in this action.

WHEREFORE, for the foregoing reasons, the parties jointly request that their Joint Motion for Approval of Settlement be granted and that the Complaint in this matter be dismissed, with prejudice.  A proposed Order granting the Motion will be submitted to the Court for approval.

Jointly submitted this 14th day of April, 2022.

| | |
|---|---|
| s/ Curt Masker by FJB w/permission | s/ Fred J. Bissinger |
| Curt M. Masker, TN Bar No. 037594 | Fred J. Bissinger, BPR No. 19671 |
| The Masker Firm | Jerome D. Pinn, BRP No. 17848 |
| 810 Dominican Drive, Suite 314 | Wimberly Lawson Wright Daves & Jones |
| Nashville, TN 37228 | 545 Mainstream Drive, Suite 413 |
| Telephone: (615) 823-1737 | Nashville, TN 37228 |
| Facsimile: (615) 821-0632 | Telephone: (615) 727-1000 |
| curt@maskerfirm.com | fbissinger@wimberlylawson.com |

Daniel Arciniegas TN Bar No. 035853
Arciniegas Law
Atrium Building
1232 Old Hillsboro Road
Franklin, TN 37069
Telephone: (629) 777-5339
daniel@attorneydaniel.com

Counsel for Plaintiffs                                Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I certify that on April 14, 2022, a copy of the foregoing document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Fred J. Bissinger
Fred J. Bissinger
